IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
LUIS SANTIAGO                                   :    3:05 CV 405 (JBA)
:
:
V.                                              :
:
OWENS-ILLINOIS, INC. AND                        :
CONTINENTAL AFA DISPENSING CO.                  :
AND CONTINENTAL DISPENSING CO.                  :
d/b/a CONTINENTAL SPRAYERS                      :    DATE: APRIL 28, 2006
INTERNATIONAL, INC.                             :
--------------------------------------------- ----X

RULING ON PLAINTIFF'S MOTION TO COMPEL

On March 7, 2005, defendant Owens-Illinois, Inc. ["defendant OI"], and defendants Continental AFA Dispensing Company and Continental AFA Dispensing Company d/b/a Continental Sprayer International, Inc. ["defendant Continental"] removed this action filed by plaintiff Luis Santiago in the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut on February 1, 2005.  (Dkt. #1).  On March 16, 2006, plaintiff filed his Amended Complaint in which plaintiff alleges race and age discrimination in violation of Connecticut General Statute §§ 46-60(a)(1) and 46a-60(a)(5) (Count One); negligent misrepresentation (Count Two); and breach of contract (Count Three) by defendants, resulting from the sale of defendant OI's manufacturing facility to defendant Continental.  (Dkt. #84; see Dkts. ##49 & 82).  On March 24, 2006, defendant Continental filed its Answer to plaintiff's Amended Complaint, followed six days later by defendant OI's Answer.  (Dkts. ##87 & 89).

On July 14, 2005, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for purposes of supervising discovery.  (Dkts. ##31-32).[1]  After

---

[1]Familiarity with this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed March 17, 2006 (Dkt. #85) is presumed.

several extensions of the discovery deadline, discovery is now scheduled to close on May 19, 2006.  (Dkt. #83; see also Dkts. ##2, 34 & 77).

On March 21, 2006, plaintiff filed the pending Motion to Compel Re: Plaintiff's Request for Production (Dkt. #86).[2]  On April 11, 2006, defendant OI and defendant Continental filed their briefs in opposition. (Dkts. ##91-92).[3]

For the reasons stated below, plaintiff's Motion to Compel (Dkt. #86) is granted in part.

### I. PROCEDURAL BACKGROUND

On February 9, 2006, plaintiff served on defendants his Third Set of Requests for Production (Dkt. #86, Exh. B; Dkt. #91, Exhs. A & C; Dkt. #92, Exh. A), as to which defendant Continental served its responses on February 23, 2006 and defendant OI served its responses on March 10, 2006.  (Dkt. #86, Exh. C; Dkt. #91, Exhs. B & D; Dkt. #92; Exh. B).  In his Third Set of Requests for Production, plaintiff seeks any and all profit and loss

---

[2] Attached to plaintiff's motion (Dkt. # 86) are the following four exhibits: copy of excerpts from deposition of Bradford L. Smythe, taken February 7, 2006 (Exh. A); copy of Notice for Filing Third Set of Requests for Production and Plaintiff's Third Set of Requests for Production served on both defendants, dated February 9, 2006 (Exh. B); copy of Responses to Plaintiff's Third Set of Requests for Production, dated March 10, 2006 from defendant OI and copy of Responses from defendant Continental, dated February 23, 2006 (Exh. C); copy of case law (Exh. D); and copy of correspondence to Judge Arterton, dated February 1, 2006 (Exh. E).

[3] Attached to defendant OI's brief in opposition (Dkt. #91) is an affidavit of Ryan H. Haywood, sworn to April 11, 2006, a certification of defense counsel, dated April 11, 2006 and the following exhibits: additional copies of Notice for Filing Third Set of Requests for Production and of Plaintiff's Third Set of Requests for Production for both defendants (Exhs. A & C); and additional copies of Responses to Plaintiff's Third Set of Requests for Production from both defendants (Exhs. B & D).

Attached to defendant Continental's brief in opposition (Dkt. #92) are the following seven exhibits: another copy of Plaintiff's Third Set of Requests for Production and the accompanying Notice, directed to defendant Continental (Exh. A); another copy of defendant Continental's Responses to Plaintiff's Third Set of Requests for Production (Exh. B); copy of correspondence between counsel, dated March 2 & 3, 2006 (Exh. C); copy of excerpts of plaintiff's deposition, taken January 24, 2006 ["Plaintiff's Depo."](Exh. D); and copies of case law (Exhs. E-G).

statements and any and all documents reflecting employee staffing levels at OI's Bridgeport manufacturing facility, from 2002 to date. (Dkt. #86, Exh. B; Dkt. #91, Exhs. A & C; Dkt. #92, Exh A). Defendants object to providing any responsive documents on grounds that such requests, <u>inter alia</u>, are not relevant to the claims or defenses asserted in this action and seek production of proprietary, sensitive and confidential business information. (Dkt. #86, Exh. C; Dkt. #91, Exhs. B & D; Dkt. #92; Exh. B).

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery, such that discovery extends to, "any matter not privileged, that is relevant to the claim or defense of any party. . . ." FED. R. CIV. P. 26(b)(1); <u>see Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.</u>, 964 F.2d 106, 114 (2d Cir. 1992). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Relevance under Rule 26(b)(1) has been construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978)(citation omitted).

Plaintiff alleges in his Amended Complaint that he was assured by defendants that plaintiff, as a thirty-seven year employee of defendant OI, would be a part of the "take-over and retained by" defendant Continental once the sale of the Bridgeport manufacturing facility was complete. (Dkt. #84, at 1-2). However, as plaintiff argues in his motion, "[c]ontrary to this representation[,] . . . [p]laintiff was discharged" along with one other minority employee who was also over the age of forty. (Dkt. #86, at 2). According to plaintiff, "[d]uring discovery including the deposition of the [d]efendant's plan manager, . . .

3

[d]efendants for the first time attempted to assert a non-discriminatory reason for discharging [plaintiff,]" (id. at 3), namely that plaintiff was discharged as a result of defendant's alleged loss of a "major customer." (Dkt. #86, Exh. E). Plaintiff therefore requests the profit and loss statements and employee staffing reports to respond to defendant's claim that there was a legitimate reason for plaintiff's discharge. (Dkt. #86, at 4). Plaintiff contends that defendants' attempt to prevent plaintiff from obtaining the profit and loss statements and employee staffing level reports will "impede and prejudice" plaintiff from being able to properly respond to defendants' claim that it lost a "major customer" and therefore decided not to retain plaintiff as an employee. (Id. at 5). According to plaintiff, the profit and loss statements would reflect whether there was a reduction in income to confirm a loss of a "major customer" and the employee staffing levels would be probative of whether defendants lost a "major customer." (Id.).

Defendant OI objects to plaintiff's motion on grounds that the requests for documents are vague, overly broad, unduly burdensome, and seek proprietary, sensitive and confidential business information that is not relevant to the claims and defenses that pertain to defendant OI as it was defendant Continental that claims that the loss of a "major customer" was the basis for failing to hire plaintiff, while defendant OI has maintained throughout this litigation that it sold the Bridgeport plant, severed its relationship with its employees and had no control over how Continental chose to structure its business. (Dkt. #91, at 5-6). Defendant OI also asserts that it no longer retains control over any information maintained at the facility sold several years ago to defendant Continental (id. at 6), and if any disclosure is ordered, it should be limited to post-sale documents, i.e., documents from November 13, 2003 to a reasonable period of time thereafter. (Id. at 7).

Defendant Continental contends that the documents sought are not relevant to this litigation and cannot lead to relevant evidence because such profit and loss statements were affected by numerous events and the staffing reports will not reflect that plaintiff was replaced by an employee of a different age or race and any staffing changes that may have occurred after plaintiff was terminated, occurred under different financial conditions. (Dkt. #92, at 7-9).  Moreover, according to defendant Continental, plaintiff's requests are overly broad in both their temporal and substantive scope as they seek information before defendant Continental purchased the assets of the Bridgeport facility and any staffing changes made after the purchase was concluded are not relevant to the question of whether defendant Continental decided to eliminate plaintiff's position when it began to operate the Bridgeport facility.  (<u>Id.</u> at 10-13).[4]  Additionally, both defendants assert that if this Court compels the production sought by plaintiff, such production should be made in accordance with a protective order.  (Dkt. #91, at 7-8; Dkt. #92, at 17-18).

In or about June 2003, defendant OI announced to its employees its intent to sell its Bridgeport facility to defendant Continental, which sale occurred on November 13, 2003. (Dkt. #84, ¶ 3; <u>see</u> Dkt. 91, at 7).  Thereafter, on or about November 30, 2003, plaintiff and an African-American female were laid off.  (Dkt. #84, ¶ 7).  According to defendant Continental, "immediately before [defendant Continental] purchased the Bridgeport facility,

---

[4]Defendant Continental also contends that plaintiff has failed to comply with the Rules of Civil Procedure, as plaintiff's counsel did not make a good faith effort to resolve this discovery dispute before filing the pending motion and had plaintiff's counsel responded to defendant's letter which stated that if plaintiff limited the term for the information requested and agreed to a protective order, defendant Continental would have worked to provide plaintiff with the available information. (Dkt. #92, at 15-16 & Exh. C).

Plaintiff's counsel has an obligation to comply with the Federal and Local Rules of Civil Procedure, both of which require that counsel make a good faith effort to resolve discovery disputes before filing a motion with the court, as compliance may result in lessening the burden on the court of resolving motions that can be resolved between cooperative counsel.

5

. . . the plant's largest customer, Neutrogena, [informed defendant that it] would be purchasing the pumps, that ha[d] been made at the Bridgeport plant, from another manufacturer." (Dkt. #92, at 7). At his deposition, plaintiff testified that "[t]here was a rumor" that Neutrogena was going to stop buying products from the Bridgeport plant and that he understood that the loss of that business would be a "significant event"; however, plaintiff also averred that "the loss of Neutrogena [did] not mean the loss of [his] job." (Plaintiff's Depo. at 107-08). As a result of this announcement, the closing was postponed and defendant Continental asserts that, at this time, it made several decisions concerning staffing at the Bridgeport facility. (Dkt. #92, at 7).

Plaintiff is entitled to receive the profit and loss statements and the documents reflecting employee staffing levels as such documents are relevant or, at a minimum, are "reasonably calculated to lead to the discovery of admissible evidence" since such documents may be used by plaintiff to prove that defendant Continental's alleged legitimate reason for terminating plaintiff was not the real reason or was, in fact, a pretext for discrimination. FED. R. CIV. P. 26(b)(1). However, this Magistrate Judge agrees with both defendants that plaintiff's request is overly broad in temporal scope as plaintiff seeks from both defendants "[a]ny and all profit and loss statements (including profit and loss statements)" and "[a]ny and all documents reflecting employee staffing levels" "from 2002 to date." (Dkt. #86, Exh. B; Dkt. #91, at 4-5 & Exhs. A & C; Dkt. #92, at 10-13 & Exh A). Moreover, this Magistrate Judge agrees with defendant OI that plaintiff's request is overly broad as it fails to acknowledge that it was defendant Continental that claims that the loss of a "major customer" was the basis for failing to hire plaintiff, not defendant OI; OI has maintained throughout this litigation that it sold the Bridgeport plant, severed its relationship with its

employees, and had no control over how defendant Continental chose to structure its business. (Dkt. #91, at 5-6).

The underlying facts reveal that the relevant time period is from June 2003, when defendant OI first announced the anticipated sale, up to and including January 2004, which reflects the sale period, including the time period during which Neutrogena made its announcement, and the two months immediately following plaintiff's November 30, 2003 termination date, which date occurred after the closing date of November 13, 2003. However, once the sale was complete, defendant OI was neither involved in the business of the Bridgeport facility, nor did defendant OI retain any control over these documents which plaintiff contends are currently retained at the facility now owned by defendant Continental. (See Dkt. #91, at 6). Accordingly, defendant OI shall produce responsive documents for the period of June 1, 2003 up to and including the date of the sale, <u>if defendant OI is still in possession of such documents</u>, and if not, defendant Continental shall produce such documents; in addition, defendant Continental shall produce responsive documents in its possession for the period June 1, 2003 up to and including January 2004; these documents may reflect the existence and impact of the Neutrogena issue, which, according to defendant Continental occurred in October and November 2003, and may reflect the result of the sale of the Bridgeport facility on staffing levels.

This Court acknowledges that the documents ordered to be produced include proprietary, confidential customer and employee information that must be protected particularly in light of plaintiff's current employ with a competitor of defendant Continental's Bridgeport facility. (See Dkt. #91, at 7; Dkt. #92, at 17). Accordingly, such documents shall be produced **on or before May 12, 2006** pursuant to the parties' mutually agreed upon

7

protective order and such documents shall be maintained under seal if they are filed with the Court.

## II. CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel (Dkt. #86) is <u>granted in part to the extent set forth above.</u>[5]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 28th day of April, 2006.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[5]As stated in this Court's previous discovery ruling (see Dkt. #85, n.8), if either counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she shall contact Chambers.