IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------X
                                                       :
LUIS SANTIAGO                                          :      3:05 CV 405 (JBA)
                                                       :
                                                       :
V.                                                     :
                                                       :
OWENS-ILLINOIS, INC. AND                               :
CONTINENTAL AFA DISPENSING CO.                         :
AND CONTINENTAL DISPENSING CO.                         :
d/b/a CONTINENTAL SPRAYERS                             :      DATE: JUNE 7, 2006
INTERNATIONAL, INC.                                    :
-------------------------------------------------------X
```

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Familiarity with this litigation and this Magistrate Judge's four previous discovery rulings, including this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed April 28, 2006 ["April 2006 Ruling"], is presumed. (Dkts. ## 48, 85, 95 & 100). On July 14, 2005, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for purposes of supervising discovery. (Dkts. ##31-32). Except for the matters at issue in the last two discovery rulings, all discovery was to have been completed by May 19, 2006 (Dkt. #83).

In the April 2006 Ruling, this Magistrate Judge ordered defendant Owens-Illinois ["OI"] to produce responsive documents, including profit and loss statements and employee staffing documents,

> for the period of June 1, 2003 up to and including the date of the sale [of the Bridgeport facility], if defendant OI is still in possession of such documents, and if not, defendant Continental shall produce such documents; in addition, defendant Continental shall produce responsive documents in its possession for the period June 1, 2003 up to and including January 2004 . . . .

(At 7)(emphasis omitted). The April 2006 Ruling ordered production by May 12, 2006,

subject to a stipulated protective order.  (At 7-8).[1]

On May 9, 2006, plaintiff filed his Motion for Reconsideration (Dkt. #101), in which he requests that the documents to be produced "be extended up through and including January 2005 . . . based on the deposition testimony which indicated that the alleged loss of an account . . . did not occur until approximately one year after the plaintiff's discharge."  (At 1-2)(emphasis omitted).  Ten days later, defendant OI filed its brief in opposition (Dkt. #105), in which it contends that plaintiff's Motion should be directed to defendant Continental, as opposed to defendant OI, in that the Court ordered OI to produce responsive documents from June 1, 2003 through the date of sale of the Bridgeport facility (if possessed by OI) and ordered Continental to produce responsive documents from June 1, 2003 through January 2004.  (At 2 & 4-5).  Defendant OI also contends that plaintiff's Motion for Reconsideration is an "improper attempt to relitigate an issue already fully considered by the Court." (Dkt. #105, at 2 & 5-7).

## I. DISCUSSION

The standard for granting a motion for reconsideration is strict and in order to satisfy such standard, the moving party must identify "(1) an intervening change in controlling law; (2) the availability of newly discovered evidence; (3) [and/or] the need to correct clear error or prevent manifest injustice."  Johnson v. State of Conn., Dept. of Corr., 2006 WL 1153780, at *1 (D. Conn. Apr. 26, 2006)(citations omitted). In this case, plaintiff's brief simply requests "an addition[al] 12 months of documents . . . based on the deposition testimony which indicated that the alleged loss of [the Neutrogena] account did not fully occur until approximately one year after the plaintiff's discharge." (Dkt. #101, at 1-2).  Plaintiff does not set forth concisely, as required by the Local Rule of Civil Procedure 7(c), the "matters . . .

---

[1]The Stipulated Protective Order has been filed and approved.  (Dkts. ##107-08).

2

which counsel believes the Court overlooked in the initial decision" as plaintiff does not provide the Court with the name of the person whose deposition testimony includes such information, nor does counsel attach such testimony, indicate that whether such testimony was even before the Court on the underlying motion, or indicate to this Court whether this is "newly discovered evidence." See Johnson, 2006 WL 1153780, at *1. Moreover, consistent with this Magistrate Judge's rationale, articulated in the April 2006 Ruling, any additional production of documents would be directed to defendant Continental, not defendant OI, as defendant OI sold the facility in November 2003.

## II. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion for 2Reconsideration (Dkt. #101) is denied.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 7th day of June, 2006.

                                            _____/s/_____
                                            Joan Glazer Margolis
                                            United States Magistrate Judge